WILLIAM ROBERT CAMPBELL AND PATRICIA LOUISE CAMPBELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Docket No. 25809-81.
United States Tax Court
T.C. Memo 1983-246; 1983 Tax Ct. Memo LEXIS 540; 46 T.C.M. (CCH) 33; T.C.M. (RIA) 83246; May 4, 1983. William Robert Campbell and Patricia Louise Campbell, pro se. Donald W. Hicks, Sr. and Charles E. Williams, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*541 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed on March 1, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $1,080. The sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162 [3] for expenses for flight training courses incurred in 1978 by William Robert Campbell, hereinafter called petitioner, for which he received non-taxable reimbursement from the Veterans Administration.
Petitioners' address on the date they filed their petition was 4611 Woodstone Court, Arlington, Texas. They filed a joint 1978 Federal income tax return with the Internal Revenue Service. Petitioners at paragraph 4 of their petition filed on October 13, 1981, allege-- Rev. Rul. 80-173 has made sweeping changes *542 to eliminate abuses of VA flight training. Airline pilots for years have used their VA for flight training they will never use or apply in their career. Their intent was only to spend the governments money, and reap the benefits of a healthy tax deduction. I am a general aviation pilot, and used my training totally towards my career, and apply those skills on a daily basis in my job. I believe the Tax Court will be flexible in this decision, and not allow those pilots who honestly apply their training to be swept up in this ruling change, spurned by the abuses of others. Respondent filed his answer on November 18, 1981, at which time the pleadings were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. During most of the taxable 1978 petitioner was employed as a pilot by the Jet Fleet Corporation at Dallas, Texas. On Schedule A attached to their 1978 return petitioners claimed a deduction in the amount of $2,972.80 for flight training expenses incurred by petitioner in 1978. Petitioner received reimbursement from the Veterans Administration for the expenses he incurred in taking the flight training courses *543 in the amount of $2,972.80, pursuant to 38 U.S.C. 1677 (1976). Respondent has disallowed those claimed expenses. We agree that the reimbursed expenses were properly disallowed. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982) (on appeal 9th Cir., Sept. 20, 1982), we held that a deduction claimed for reimbursed flight training expenses was disallowed by section 265(1). [4]Manocchio is dispositive of this case. [5]
*544 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. The record here contains a complete copy of the notice of deficiency, the petition and answer, respondent's motion, respondent's affidavit and a copy of petitioners' 1978 return. On the basis of the foregoing documents, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law.In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant *545 respondent's motion. An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on April 20, 1983. Petitioners did not appear nor did they file a response to respondent's motion, albeit a copy thereof and a copy of respondent's affidavit (Declaration) together with a copy of the Court's Notice of Hearing were served on them by the Court on March 3, 1983.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. That opinion squarely addresses and fully answers all of petitioners' substantive contentions herein. ↩
5. See Becker v. Commissioner,T.C. Memo. 1983-94; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41; Wells v. Commissioner,T.C. Memo. 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634; Heft v. Commissioner,T.C. Memo. 1982-444; Mason v. Commissioner,T.C. Memo. 1982-376; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.